**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 21-CR-352 JEB** |
| | : | |
| **MARC BRU,** | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Based upon the representations in the United States' Motion to Continue and to Exclude

Time Under the Speedy Trial Act, and upon consideration of the entire record, the Court makes

the following findings:

Defendant is charged via indictment with offenses related to crimes that occurred at the

United States Capitol on January 6, 2021.   In brief, on that date, as a Joint Session of the United

States House of Representatives and the United States Senate convened to certify the vote of the

Electoral College of the 2020 U.S. Presidential Election, members of a large crowd that had

gathered outside forced entry into the U.S. Capitol, including by breaking windows and by

assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts.

Scores of individuals entered the U.S. Capitol without authority to be there.   As a result, the Joint

Session and the entire official proceeding of the Congress was halted until the Capitol Police, the

Metropolitan Police Department, and other law enforcement agencies from the city and

surrounding region were able to clear the Capitol of hundreds of unlawful occupants and ensure

the safety of elected officials.   This event in its entirety is hereinafter referred to as the "Capitol

Attack."

The investigation and prosecution of the Capitol Attack will likely be one of the largest in

American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence.   Over 400 individuals have been charged in connection with the Capitol Attack, and the investigation is ongoing.   While most of the cases have been brought against individual defendants, the government is also investigating conspiratorial activity that occurred prior to and on January 6, 2021.   The spectrum of crimes charged and under investigation in connection with the Capitol Attack includes (but is not limited to) trespass, engaging in disruptive or violent conduct in the Capitol or on Capitol grounds, destruction of government property, theft of government property, assaults on federal and local police officers, firearms offenses, civil disorder, obstruction of an official proceeding, possession and use of destructive devices, and conspiracy.

Defendants charged and under investigation come from throughout the United States, and a combined total of approximately 1,400 search warrants have been executed in almost all fifty states and the District of Columbia.   Multiple law enforcement agencies were involved in the response to the Capitol Attack, which included officers and agents from U.S. Capitol Police, the District of Columbia Metropolitan Police Department, the Federal Bureau of Investigation, the Department of Homeland Security, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Secret Service, the United States Park Police, the Virginia State Police, the Arlington County Police Department, the Prince William County Police Department, the Maryland State Police, the Montgomery County Police Department, the Prince George's County Police Department, and the New Jersey State Police.   Documents and evidence accumulated in the Capitol Attack investigation thus far include: (a) more than 15,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies; (b) approximately 2,000 electronic devices; (c) the results of hundreds of searches of electronic communication providers; (d) over

2

237,000 tips, of which a substantial portion include video, photo and social media; and (e) over 75,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other investigative steps.   As the Capitol Attack investigation is still on-going, the number of defendants charged and the volume of potentially discoverable materials will only continue to grow.   In short, even in cases involving a single defendant, the volume of discoverable materials is likely to be significant.

The government, in consultation with the Federal Public Defender, is developing a comprehensive plan for handling, tracking, processing, reviewing and producing discovery across the Capitol Attack cases.   Under the plan, the discovery most directly and immediately related to pending charges in cases involving detained defendants has, in a number of cases, been provided, and will be provided in other cases on an on-going basis.   Cases that do not involve detained defendants will follow thereafter.   Such productions will also be supplemented on an on-going basis.   In the longer term, the plan will include a system for storing, organizing, searching, producing and/or making available voluminous materials such as those described above in a manner that is workable for both the government and hundreds of defendants.   This latter portion of the plan will require more time to develop and implement, including further consultation with the Federal Public Defender.

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).   As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice.   Developing a system for storing and searching, producing and/or making available voluminous materials accumulated across hundreds of investigations, and ensuring that such

3

system will be workable for both the government and defense, will take time.   Even after a system generally agreeable to the government and the Federal Public Defender is designed and implemented, likely through the use of outside vendors, it will take time to load, process, search and review discovery materials.   Further adding to production and review times, certain sensitive materials may require redaction or restrictions on dissemination, and other materials may need to be filtered for potentially privileged information before they can be reviewed by the prosecution.

In this case in particular, the government has represented that several electronic devices seized from the defendant must be filtered for potentially privileged information before they can be reviewed by the prosecution.   That filter process is ongoing.

In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discovery materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice.

Moreover, as outlined by the Chief Judge of the United States District Court for the District of Columbia in Standing Order No. 21-10, the ongoing Coronavirus Disease 2019 (COVID-19) pandemic has also led to a variety of delays in the resumption of criminal trials in this District. *See In Re: Limited Resumption of Criminal Jury Trials in Light of Current Circumstances Relating to the COVID-19 Pandemic*, Standing Order No. 21-10 (BAH) (Mar. 5, 2021).   Based on the findings in that Standing Order, which are incorporated herein, at least until August 31, 2021, no more than three trials can proceed in this District at any given time.   The trials that will be

4

prioritized are those in which defendants have been detained, that had standing trial dates before the pandemic, or that involve few witnesses who need to travel from out-of-town.   It is not possible, in light of the health and safety measures outlined in Standing Order No. 21-10, for this case, involving an out-of-custody defendant who was only recently arrested, to proceed to trial in the next 60 days.

Accordingly, for each of the above-identified reasons, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

Therefore, it is this _____ day of _____, 2021,

**ORDERED** that the United States' Motion to Continue and to Exclude Time Under the Speedy Trial Act, is hereby GRANTED; it is further

**ORDERED** that this proceeding is continued to a status conference on _____ _____, 2021, at _____; and it is further

**ORDERED** that the time period from the date of this Order through and including the date of the next hearing is hereby excluded from the computation of time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

_____
THE  HONORABLE  JAMES  E.  BOASBERG
UNITED STATES DISTRICT JUDGE