UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-352 (JEB) |
| | : | |
| MARC BRU, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION FOR STATUS HEARING, TRIAL DATE, AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully asks the Court to: (1) schedule a video status conference as soon as possible; (2) set a new trial date for as soon as possible; and (3) exclude time since June 30, 2023, in the interests of justice under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

**I.      Procedural History**

On March 29, 2023, the Court held a video status conference in this matter during which the Court granted the defendant's motion to proceed *pro se*, scheduled trial to begin on July 17, 2023, and ordered that the speedy trial clock be tolled, in the interests of justice, until the start of the trial on July 17, 2023. *See* Minute Entry for March 29, 2023.

On June 30, 2023, the Court conducted a video status conference in this matter. The defendant failed to appear, and the Court issued a bench warrant for the defendant's arrest. *See* Minute Entry for June 30, 2023.

On July 6, 2023, the Court attempted to conduct a video pretrial conference, but the defendant again failed to appear. *See* Minute Entry for July 6, 2023. The Court vacated the bench trial scheduled for July 17, 2023. *See id.* Given the defendant's fugitive status, the Court did not schedule a future status conference, let alone set a new trial date. The case entered a period of

1

indefinite stasis and limbo, waiting for the defendant to appear or be arrested on the Court's warrant.

On July 23, 2023, the defendant encountered Montana state police officers after he was involved in a car accident in which he states he accidentally drove into a ditch and was then hit by a drunk driver.[1] The defendant informed the responding Montana state police officers that he did not have a valid license or car insurance, and that he had a federal warrant out for his arrest. The officers arrested the defendant, confirmed the existence of the federal arrest warrant, notified the U.S. Marshals Service (USMS), and transported the defendant to the Gallatin County (Montana) Detention Center, where he was held without bond for the U.S. Marshals to collect him.

On July 24, 2023, the USMS took custody of the defendant and transported him to the nearest federal courthouse, the Billings, Montana courthouse for the District of Montana. That same day, the defendant had an initial appearance before Magistrate Judge Timothy J. Cavan in case number 1:23-mj-122. Though the defendant acknowledged his name and waived his right to a detention hearing, he requested an identity hearing.

Today, July 27, 2023, Magistrate Judge Cavan held the identity hearing and found that the defendant was the person charged in the Indictment in the above captioned case. Magistrate Judge Cavan ordered the USMS to transport the defendant to Washington, D.C.

As of today, July 27, 2023, the defendant remains in USMS custody at the Yellowstone County Detention Facility in Billings, Montana.

---

[1] While out on bond for this case, the defendant has twice been arrested—in two different states—for driving while intoxicated. The resulting two state cases remain pending, and the defendant has failed to appear for his most recent state court dates as well.

## II. *Government Requests*

Notwithstanding the Court's earlier order to toll the speedy trial clock until the scheduled trial date of July 17, 2023, *see* Minute Entry for March 29, 2023, all delays since June 30, 2023 have been caused solely by the defendant's failures to appear and the cascading effects of his flight. As the proceedings in the District of Montana have concluded, the government now makes three requests of this Court:

1. First, the government asks the Court to schedule a video status conference for tomorrow, July 28, 2023, or as soon as the Court is available. The government will make itself available at any time and has confirmed that the Yellowstone County Detention Facility has video conference capabilities.

2. Second, the government asks the Court to schedule a new trial date as soon as is practicable and respectfully suggests that trial begin on August 21, 2023. The government and its witnesses were prepared to begin trial on July 17, 2023, as scheduled, but essential personnel and/or witnesses have conflicts during the weeks beginning July 31, August 7, and August 14, 2023. If August 21, 2023, is not available, the government respectfully requests to confer with the Court and the defendant at the next status conference to choose a date that is workable for all parties.

3. Third, the government moves the Court to issue an order excluding all time in the interests of justice, *nunc pro tunc*, between June 30, 2023, and the to-be-determined next trial date under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7). Considering the unique circumstances of this case and the defendant's responsibility for the delay in bringing this case to trial, the ends of justice served by taking such actions outweigh

the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).[2]

                                            Respectfully submitted,

DATED: July 27, 2023                          MATTHEW M. GRAVES
                                            United States Attorney
                                            D.C. Bar No. 481052

                              By:    */s/ Michael M. Gordon*
                                            MICHAEL M. GORDON
                                            Assistant United States Attorney
                                            Florida Bar No. 1026025
                                            400 N. Tampa St., Suite 3200
                                            Tampa, Florida 33606
                                            michael.gordon3@usdoj.gov
                                            (813) 274-6370

                                            */s/ Madison H. Mumma*
                                            MADISON H. MUMMA
                                            Trial Attorney
                                            N.C. Bar No. 56546
                                            601 D St., NW
                                            Washington, D.C. 20001
                                            madison.mumma2@usdoj.gov
                                            (202) 431-8603

---

[2] An interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014)