UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>　vs.<br>MARC BRU,<br>　　　　　　Defendant. | Case No. 21-cr-00352-JEB<br><br>**MOTION TO CONTINUE TRIAL** |

　　Defendant, Marc Bru, pro se, moves this Court under the Fifth and Sixth Amendments of the U.S. Constitution for a 60-day continuance of trial currently slated to begin on October 2, 2023, to allow Mr. Bru a fair opportunity to prepare for trial. Mr. Bru has been in transit for nearly two months and has been housed at four different institutions. He has had little information about when he would be moved or what his destination would be. During this time he has not had reasonable access to his discovery or consistent access to standby counsel and has been unable to effectively prepare for trial.

　　Mr. Bru asks that the Court continue the trial and find excludable delay under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by granting a continuance to allow Mr. Bru more time to prepare outweigh the best interest of the public and Mr. Bru in a speedy trial.

### FACTUAL BACKGROUND

　　Since his arrest on July 23, 2023, Mr. Bru has been moved repeatedly between correctional facilities, from Billings, Montana, to Great Falls, Montana, to Pahrump,

Nevada, to Chickasha, Oklahoma (where he resides as of the writing of this motion). He has spent no more than three weeks at each facility. During this process, Mr. Bru has received little accurate information about when he would be moved, and where he would be moved to.

When Mr. Bru was arrested he was initially held in Billings. Shortly after his arrest, Mr. Bru was informed, through standby counsel (who received the information from the United States Attorney's office), that he would be transported from Billings on August 16, 2023. He believed that, on this date, he was to be transported from Billings to somewhere near his Washington, D.C., trial site.

On August 3, a hearing was held in this case in which an October 2, 2023, trial date was set. When Mr. Bru consented to this trial date it was with the expectation he would be at his final custodial destination shortly and that he would have a month and a half to prepare for trial with standby counsel.

Instead, as of the writing of this motion, Mr. Bru remains in transit to Washington, D.C. This has seriously compromised his ability to prepare for trial.

Since his arrest, and while in transit, Mr. Bru has not had meaningful access to his discovery. Mr. Bru is almost completely dependent on standby counsel for access to his discovery. This is due to the voluminous nature of discovery as well as the secure nature of some of the discovery.  It is hoped that, when Mr. Bru arrives at his final destination, standby counsel can make arrangements with the institution to allow Mr. Bru greater access to his discovery. It is likely, however, that much of Mr. Bru's discovery review

will ultimately need to be performed on a computer with the assistance of standby counsel.

Since Bru's incarceration, standby counsel has only been able to make one in-person visit with Mr. Bru in Billings, Montana, on August 15, 2023. During that visit, Mr. Bru was able to review some of the more recent discovery with counsel. Unfortunately, the very next day, on August 16, after standby counsel had left Billings, Mr. Bru was notified by the government that a great deal more new discovery had just been made available to Mr. Bru via Relativity. Mr. Bru has not yet reviewed this discovery, and standby counsel has not attempted to visit Mr. Bru since August 16, given the uncertainty regarding his location.

Mr. Bru has also had difficulty using the phone systems to communicate with standby counsel. While standby counsel has been able to contact Mr. Bru via phone at some of the institutions where he has resided over the past two months, phone contact has not been unfettered. It has taken, on average, 72 hours to arrange a phone call through the various institutions. Further, standby counsel has not been informed promptly about where Mr. Bru has been moved to and has struggled to locate Mr. Bru after several of his moves.

At this point, Mr. Bru has no information as to when he will be moved from Chickasha, Oklahoma, to a location proximate to his trial site.

# ARGUMENT

A trial court has broad discretion in determining whether to grant a continuance and will consider several factors, including:

> [T]he length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may apply in the context of any particular case.

*United States v. Poston*, 902 F.2d 90, 97 (D.C. Cir. 1990)(quoting *United States v. Burton,* 584 F.2d 485, 488-90 (D.C. Cir. 1978)).

Here, a continuance is necessary to allow Mr. Bru sufficient opportunity to prepare for trial. Over the past two months, Mr. Bru has been in transit between various correctional institutions, and he has not had adequate access to the materials he needs to prepare for trial or consistent access to standby counsel.

The Fifth Amendment's Due Process protections secure a criminal defendant the right to prepare a defense. *E.g.*, *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) ("The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations."). Specifically, the Due Process

Clause requires that a defendant have the tools necessary to build his or her defense, including access to discovery:

> We recognized long ago that mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and that a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense.

*Ake v. Oklahoma*, 470 U.S. 68, 76-77 (1985).

In this case, depending on when Mr. Bru is transported to his final custodial destination, he does not require a lengthy continuance. Sixty days would allow him to work through discovery and to prepare with standby counsel.

Denying Mr. Bru a continuance will substantially prejudice him. Without an understanding of what is contained in discovery, his ability to present a defense will be compromised. He will not be able to adequately identify helpful (or harmful) discovery, will be impeded in developing trial defense strategies, and will be hindered in effectively preparing cross-examination of government witnesses.

Further, Mr. Bru has not been dilatory. He has no control over his custodial placement. And a significant amount of discovery was just made available on August 16, 2023. Given Mr. Bru's custodial circumstances, he has not been able to review this discovery. And his custodial circumstances—four institutions between August 16 and September 17, with no concrete timeline as to when he will be moved next—have made it

incredibly difficult for standby counsel to travel, from Alaska to Mr. Bru, to facilitate the necessary trial preparation.

## CONCLUSION

When Mr. Bru set for trial, he, perhaps naively, expected that he would be moved to a location proximate to his trial site on August 16, 2023. A month has passed, and Mr. Bru has spent time in four different institutions but has not reached his final destination. This delay has hampered Mr. Bru's access to discovery and has hamstrung his trial preparations. Accordingly, he requests a continuance of trial to allow him additional time to prepare once he reaches his final custodial destination.

DATED this 17th day of September, 2023.

Respectfully submitted,

*s/Marc Bru*
Marc Bru, Defendant
pro se

Certificate of Service:
I hereby certify that I filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Columbia on September 18, 2023. All participants in this case will be served by electronic service through the district's CM/ECF system.

*Service by: s/Ben W. Muse*