IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No.: 1:21-cr-352 (JEB) |
| v. | : | |
| **MARC BRU,** | : | |
| **Defendant.** | : | |

# GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

## I. Instructions Before and During Trial

The government has no objection to the Court relying on and reading from the Pattern Criminal Jury Instructions for the District of Columbia ("Redbook") as appropriate.

## II. Final Instructions

The government proposes that the Court issue the following Pattern Criminal Jury Instructions:

Furnishing the Jury with a Copy of the instructions, Redbook 2.100

Function of the Court, Redbook 2.101

Function of the Jury, Redbook 2.102

Jury's Recollection Controls, Redbook 2.103

Notetaking by Jurors, Redbook 1.105.B.

Evidence in the Case – Stipulations, Redbook 2.104

Statements of Counsel, Redbook 2.105

Information Not Evidence, Redbook 2.106

Burden of Proof, Redbook 2.107

 Reasonable Doubt, Redbook 2.108

 Direct and Circumstantial Evidence, Redbook 2.109

 Nature of Charges Not to be Considered, Redbook 2.101

 Number of Witnesses, Redbook 2.111

 Inadmissible and Stricken Evidence, Redbook 2.112

 Credibility of Witnesses, Redbook 2.200

 Law Enforcement Officer Testimony, Redbook 2.207 (proposed addition italicized below)

You have heard testimony from officers of the *United States Capitol Police, the Federal Bureau of Investigation, and the United States Secret Service*. A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

 Right of Defendant Not to Testify, Redbook 2.208 (if the defendant chooses not to testify)

 Defendant as Witness, Redbook 2.209 (if the defendant chooses to testify)

 Proof of State of Mind, Redbook 3.101

 Flight, Redbook 2.301 (if evidence of flight is admitted at trial)

You have heard evidence that the defendant attempted to flee or hide prior to his scheduled July 17, 2023 trial in this matter. It is up to you to decide whether he fled or hid. If you find that he did so, you may consider his fleeing or hiding as tending to show feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may consider that the defendant may have had reasons to flee or hide that are fully consistent with innocence in this case.

 Unanimity—General, Redbook 2.405

 Verdict Form Explanation, Redbook 2.407

 Redacted Exhibits, Redbook 2.500

 Exhibits During Deliberations, Redbook 2.501

 Selection of Foreperson, 2.502

Possible Punishment Not Relevant, 2.505

Cautionary Instruction on Publicity, Communications, Research, Redbook 2.508

Communications Between Court and Jury During Deliberations, Redbook 2.509

Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

Excusing Alternate Jurors, Redbook 2.511

### III. Proposed Instructions for Specific Charged Offenses

I will now instruct you on the specific offenses charged in the Indictment. The Indictment in this case contains seven counts:

1. Entering or Remaining in a Restricted Building or Grounds;
2. Disorderly or Disruptive Conduct in a Restricted Building or Grounds;
3. Entering and Remaining in the Gallery of Congress;
4. Disorderly Conduct in a Capitol Building;
5. Parading, Demonstrating, or Picketing in a Capitol Building;
6. Civil Disorder; and
7. Obstruction of an Official Proceeding and Aiding and Abetting.

### 1. *Count One—Entering or Remaining in a Restricted Building or Grounds*

Count One charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

### 2. *Count Two—Disorderly or Disruptive Conduct in a Restricted Building*

Count Two charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[1]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[2]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

3. **Count Three—Entering or Remaining in a Gallery of a House of Congress**

Count Three charges the defendant with entering or remaining in the Gallery of a house of Congress, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in the Senate Gallery without lawful authority to do so.

Second, the defendant acted willfully and knowingly.

Definitions

The term "House of Congress" means the United States Senate or the United States House of Representatives.

---

[1] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[2] Redbook 6.643.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[3]

The terms "knowingly" has the same meaning described in the instructions for Count One.

### 4. Count Four—Disorderly Conduct in a Capitol Building or Grounds

Count Four charges the defendant with disorderly and disruptive conduct in a Capitol building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol buildings or grounds.

> Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

> Third, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "Capitol buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

---

[3] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

The "Capitol grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Two. For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[4]

The term "knowingly" has the same meaning described in the instructions for Count One. The term "willfully" has the same meaning described in the instructions for Count Three.

5. ***Count Five—Parading, Demonstrating, or Picketing in a Capitol Building***

Count Five charges the defendant with parading, demonstrating, or picketing in a Capitol building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol buildings.
>
> Second, the defendant acted willfully and knowingly.

---

[4] *See United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 17).

Definitions

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[5]

The term "Capitol buildings" has the same meaning described in the instructions for Count Four. The term "knowingly" has the same meaning described in the instructions for Count One. The term "willfully" has the same meaning described in the instructions for Count Three.

6. *Count Six—Civil Disorder*

Count Six charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with a law enforcement officer.

Second, at the time of the defendant's act, the law enforcement officer was engaged in the lawful performance of his official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the conduct or performance of any federally protected function.

---

[5] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44).  *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[6]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[7]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[8]

---

[6] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[7] *See* 18 U.S.C. § 232(3).

[8] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol building and grounds, and enforcing federal law and D.C. law in those areas.[9]

The term "knowingly" has the same meaning described in the instructions for Count One.

<u>Aiding and Abetting</u>[10]

In this case, the government further alleges that the defendant committed civil disorder, as charged in Count Six, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant

---

Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23) and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26).

[9] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.") (insure vs. ensure error in original).

[10] The government acknowledges that Count Six does not contain a reference to 18 U.S.C. § 2. Still, it is proper for the Court to provide an aiding and abetting instruction even if the indictment does not explicitly allege aiding and abetting. *See, e.g.*, *United States v. Ginyard*, 511 F.3d 203, 211 n.6 (D.C. Cir. 2008) ("An indictment need not specifically include an aiding and abetting charge because, whether specified or not, the federal statute creating liability for aiding and abetting is considered embodied in full in every federal indictment.") (cleaned up).

committed this offense in Count Six.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of civil disorder because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of civil disorder.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant that at least

encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

### 7. *Count Seven—Obstruction of an Official Proceeding*[11]

Count Seven charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.

Count Seven also charges the defendant with aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

---

[11] 18 U.S.C. § 1512(c)(2). Courts have issued similar instructions to these in many other January 6 trials. *See, e.g.*, *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 23-27); *United States v. Stedman*, 21-cr-383 (BAH) (ECF No. 69 at 5-8); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 11-12); *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, 21-cr-204 (BAH) (ECF No. 215 at 7).

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

Definitions

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an "official proceeding" as that term is used in this count.[12] The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[13]

The term "knowingly" has the same meaning described in the instructions for Count One.

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person

---

[12] *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023) (holding "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2)). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress").

[13] 18 U.S.C. § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense"). For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995). Court have issued similar instructions in other January 6 trials. *See, e.g.*, *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-26); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 12); *United States v. Thompson*, 21-cr-161 (RBW) (ECF No. 832 at 26); *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 23).

is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[14] Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[15]

---

[14] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022). For other January 6 trials that have used similar instructions, *see, e.g.*, *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10).

[15] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10), *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 24), *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28).

In denying the defendant's request for a new trial following the D.C. Circuit's opinion in *Fischer*, Judge Bates held in *United States v. Sheppard* that the concurring opinion in *Fischer* did not create any binding precedent or change in the law that affects the definition of the word "corruptly." No. 21-203 (JDB) (ECF No. 105 at 20). The jury in *Sheppard* was given a similar instruction to the one set forth here. *Id.* at 2.

In *United States v. Harris*, 21-cr-189 (CJN), Judge Nichols rejected the defendant's argument that "corruptly" requires proof of a dishonest act. *Id.*, Transcript of Closing Arguments and Bench Verdict, Jun. 14, 2023, at 6).

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.[16]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed obstruction of an official proceeding, as charged in Count Seven, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Seven.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

> First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.
>
> Second, that the defendant knew that obstruction of an official proceeding was

---

[16] *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 29).

going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose

to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.