Leave to file GRANTED
10-3-23
James E. Boasberg
Chief Judge
Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 21-cr-352 (JEB) |
| MARC BRU, | Negative Averment |
| Defendant. | |

**COMES NOW**, Marc Bru, the trustee of the person named Defendant, and the beneficiaries have already been named, within the age of majority, competent to state the following facts and truth, under the penalties of perjury, do have the obligation in enforcing peremptory norms thereby existing with the standing right with the performance to enforce this negative averment, in consideration as so;

United States of America, also known as the United States Corporation Company, also the United States, also the U.S. foreign to The United States of America, all court employees and actors thereby of established by this community trust, operating under Rule 7067, Registry Funds, herein exhibited A. herein the (petitioners);

The petitioners does not have the standing or any obligation thereby have no right to try or sue the Defendant in the first place and this case is moot fraud void on it's face.

The petitioners did not sign the judicial contracts establishing judicial powers, prosecutorial powers and translations powers thereby forcing an association. All previous contracts the Defendant signed was under the threat of a gun to murder Marc Bru, the Defendant or pain compliance via torture such as illegally incarcerating the Defendant, same as being tortured now by the same petitioners. Torture is against peremptory norms and is illegal all over the world and thereby all previous contracts are rescinded by the Defendant, legally, moot and void on its face for the fraud, due process violations, and gross negligence to heinously attack the Defendant to establish no political opposition in a totalitarian control.

The petitioners did not answer any questions in the Bill of Particulars prepared by the Defendant nor has satisfied to answer any of the Defendants questions thereby ridiculing the Defendant which is a due process violation to intimidate the Defendant which illegal and conspiracy.

The purpose of any court of law is to establish a common law court of record in demonstrating the facts of the case in proving the truth thereby having a judgment and determination of the injunction of the proper procedure in granting relief and justice where it must be applied. Therefore any due process violation is a lie, and a case cannot proceed as a lie establishing a libel which is railroading of the Defendant as a kangaroo court. This case has been moved forward lie after lie while misprision of the crimes being committed against the Defendant.

In 1789, your congress passed an act that the "Office of Paymaster" shall give bond in the sum of $20,000, with two sufficient sureties, for the faithful discharge of duties."

The Defendant has the right to the knowledge of the Surety who covers the faithful performance and fidelity bonds for the Obligee being the petitioners of this case as to which the Defendant, in enforcing the human rights of the Defendant, establishes the obligations for the petitioners of this case to dismiss and reverse all actions of the court, cease all due process violations immediately, release the Defendant and restore all freedoms and possessions of private property to the Defendant, and if the petitioners fail to cure the torture and due process violations against the Defendant, then the Defendant has the right to claim on such faithful performance bond and fidelity bond for the petitioners operating in dishonesty and malfeasance of office, civil suit, and thereby enforcement of criminal charges.

The claim of this negative averment is locus standi as record and claim made by the Defendant and the petitioners forced association and by the petitioners motive to politically drive this case forward will just be challenged in appeal.

The Defendant Further Sayeth Naught,

_____ Date 10/01/23
Marc Bru Defendant

Witness 1 _____   Witness 2 _____

Witness 3 _____

# Rule 7067-1 Registry Funds.

(a) *Deposit Funds into Court Registry Account.* A party who wishes to deposit funds while litigation is pending may move the court to have such funds deposited into the court's registry account. The movant must attach a proposed order directing investment, which includes the following:

   (1) the amount to be invested;

   (2) mode of deposit (i.e., check, wire transfer).

(b) *Receipt of Funds.*

   (1) No funds may be sent for deposit in the court's registry without first obtaining a court order signed by the presiding judge in the case or proceeding.

   (2) The party making the deposit, or transferring the funds, to the court's registry account must serve the order permitting the deposit or transfer on the clerk.

   (3) Unless provided for elsewhere in this rule, all monies ordered to be paid to the court in any case pending or adjudicated must be deposited with the Treasurer of the United States in the name and to the credit of this court pursuant to 28 U.S.C. § 2041 through depositories designated by the Treasury to accept such deposit on its behalf.

(c) *Investment of Registry Funds.*

   (1) Where, by order of the court, funds on deposit with the court are to be placed in some form of interest-bearing account or invested in a court-approved, interest-bearing instrument in accordance with Rule 67 of the Federal Rules of Civil Procedure, the Court Registry Investment System ("CRIS"), administered by the Administrative Office of the United States Courts under 28 U.S.C. § 2045, is the only investment mechanism authorized.

   (2) Interpleader funds deposited under 28 U.S.C. § 1335 meet the IRS definition of a "Disputed Ownership Fund" ("DOF"), a taxable entity that requires tax administration. Unless otherwise ordered by the court, interpleader funds shall be deposited in the DOF established within the CRIS and administered by the Administrative Office of the United States Courts, which shall be responsible for meeting all DOF tax administration requirements.

   (3) The Director of the Administrative Office of the United States Courts is designated as custodian for all CRIS funds. The Director or the Director's designee will perform the duties of the custodian. Funds held in the CRIS remain subject to the control and jurisdiction of the court.

   (4) Money from each case deposited in the CRIS must be "pooled" together with those on deposit with Treasury to the credit of other courts in the CRIS and used to purchase Government Account Series securities through the Bureau of Public Debt, which will be held at Treasury, in an account in the name and to the credit of the Director of Administrative Office of the United States Courts. The pooled funds will be invested in accordance with the principles of the CRIS Investment Policy as approved by the Registry Monitoring Group.

   (5) An account will be established in the CRIS Liquidity Fund titled in the name of the case giving rise to the deposit invested in the fund. Income generated from fund investments will be distributed to each case based on the ratio each account's principal and earnings has to the aggregate principal and income total in the fund after the CRIS fee has been applied. Reports showing the interest earned and the principal amounts contributed in each case will be prepared and distributed to each court participating in the CRIS and made available to litigants and/or their counsel.

   (6) For each interpleader case, an account shall be established in the CRIS Disputed Ownership Fund ("DOF"), titled in the name of the case giving rise to the deposit invested in the fund. Income generated from fund investments will be distributed to each case after the DOF fee has been applied and tax withholdings have been deducted from the fund. Reports showing the interest earned and the principal amounts contributed in each case will be available through the FedInvest/CMS application for each court participating in the CRIS and made available to litigants and/or their counsel. On appointment of an administrator authorized to incur expenses on behalf of the DOF in a case, the case DOF funds should be transferred to another investment account as directed by court order.

(d) *Fees and Taxes.*

   (1) The custodian is authorized and directed to deduct from all deposited CRIS funds (excluding DOF funds) a fee, as stated on

the Court's Miscellaneous Fee Schedule. This fee is for the management of investments in the CRIS.

 (2) The custodian is authorized and directed to deduct from all deposited DOF funds a fee, as stated on the Court's Miscellaneous Fee Schedule. This fee is for the management of investments and tax administration in the DOF. The custodian is further authorized and directed to withhold and pay federal taxes due on behalf of the DOF.

 (3) The applicable CRIS or DOF fees must be deducted by the custodian from interest earnings before a pro rata distribution is made to court cases.

*(e) Motion to Withdraw Funds.* In order to withdraw deposited funds, a motion for disbursement of invested registry funds and a proposed order must be filed with the court. The proposed order for disbursement of invested registry funds must include the name and address of the payee in addition to the total amount of the principal and interest (if the interest is not known, the order may read "plus interest") that will be disbursed to each payee.

*(f) Order for Payment.* After entry of an order for disbursement, the parties to whom funds are to be disbursed must provide to the clerk their tax identification numbers or social security numbers and complete any forms required by the Internal Revenue Service for the reporting of earned interest. Disbursements may not be made until this information and the required Internal Revenue Service forms are submitted to the clerk.

*(g) Deduction of Fees.* The custodian is authorized and directed to deduct the investment services fee for the management of investments in CRIS and the registry fee for maintaining accounts deposited with the court. The investment services fee is assessed from interest earnings to the pool according to the Court's Miscellaneous Fee Schedule and is to be assessed before a pro rata distribution of earnings to court cases. The registry fee is assessed by the custodian from each case's pro rata distribution of the earnings and is to be determined on the basis of the rates published by the Director of the Administrative Office of the United States Courts as approved by the Judicial Conference of the United States.

**COMMENTS:** *L.B.R. 7067-1 was amended effective December 1, 2016, to comply with new IRS directives concerning certain registry funds. Withholding of federal taxes within the CRIS Disputed Ownership Fund will commence with interpleader registry deposits made on and after April 1, 2017. For interpleader deposits made up until that date, the court will appoint, by separate order, a tax administrator.*

**Part:**
Part VII - Adversary Proceedings