UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Case No. 21-cr-352-JEB |
| MARC BRU, | |
| Defendant. | |

## EXHIBIT 1: GOVERNMENT'S COUNT-BY-COUNT GUIDELINE ANALYSIS

**Count One: 18 U.S.C. § 1752(a)(1)—Entering and Remaining in a Restricted Building or Grounds**

The U.S.S.G. Statutory Appendix lists two potentially applicable guidelines provisions for a Section 1752 offense: U.S.S.G. § 2A2.4 (Obstructing or Impeding Officers) and § 2B2.3 (Trespass). The Introduction to the Appendix states that, if "more than one guideline is referenced for a particular statute, use the guideline most appropriate for offense conduct." Here, U.S.S.G. § 2B2.3, which applies to trespass offenses, is the most appropriate guideline for 18 U.S.C. § 1752(a)(1), which is essentially a trespass offense.

| Base offense level | 4 | U.S.S.G. § 2B2.3(a) |
|---|---|---|
| Specific Offense Characteristic | +2 | U.S.S.G. § 2B2.3(b)(1)(A)(vii): The trespass occurred "at any restricted building or grounds." <br><br> On January 6, 2021, the U.S. Capitol was restricted because protectees of the United States Secret Service were visiting. *See* 18 U.S.C. § 1752(c)(1)(B). |
| Cross Reference | | U.S.S.G. § 2B2.3(c)(1): "If the offense was committed with the intent to commit a felony offense, apply § 2X1.1 in respect to that felony offense, if the resulting offense level is greater than that determined above." |

1

| Base Offense Level (adjusted) | 25 (from Count Seven) | U.S.S.G. § 2X1.1(a): "The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty."<br><br>In announcing his verdict, Chief Judge Boasberg explicitly found that Bru entered the restricted area of the Capitol complex for the purpose of obstructing the official proceeding—that is, stopping Congress from doing its work. The substantive offense is thus Count Seven. |
|---|---|---|
| Obstruction | +2 | U.S.S.G. § 3C1.1: Obstructing or Impeding the Administration of Justice<br><br>According to the Guidelines, a +2 enhancement should be applied to a defendant who "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense."<br><br>Here, it is undisputed that two days after the riot at the Capitol, Bru advised a friend on Facebook that the aftermath of January 6 was "going to get bumpy" and that he would have to delete his Facebook account and Messenger app. Two days later, on or about January 10, 2021, Bru deleted his own Facebook account.<br><br>Additionally, Bru fled from prosecution. On June 26, 2023, Bru failed to appear at the pretrial conference scheduled in this case, delaying his trial by several months.<br><br>On June 28, 2023, Bru tweeted screenshots of a conversation with another individual in which Bru declared that he was done entertaining the government's "bullshit" and that if the |

|  |  |  |
|---|---|---|
|  |  | government wanted him, it could "come get [him]." |
|  |  | Bru then failed to appear at the status conference on June 30, 2023. The court consequently issued a bench warrant. |
|  |  | Bru only stood trial because on July 23, 2023, local police officers investigating a car accident in rural Montana learned of the bench warrant and arrested him. |
| **Total** | **27** |  |

**Count Two: 18 U.S.C. § 1752(a)(2)—Disorderly and Disruptive Conduct in a Restricted Building or Grounds**

The U.S.S.G. Statutory Appendix lists two guidelines for a Section 1752 offense: U.S.S.G. § 2A2.4 (Obstructing or Impeding Officers) and § 2B2.3 (Trespass). The Introduction to the Appendix states that, if "more than one guideline is referenced for a particular statute, use the guideline most appropriate for offense conduct." Here, U.S.S.G. § 2A2.4, which applies to impeding officers, is the most appropriate guideline for 18 U.S.C. § 1752(a)(2), which prohibits "disorderly and disruptive conduct."

| Base offense level | 10 | U.S.S.G. § 2A2.4(a) |
|---|---|---|
| Specific Offense Characteristic | +3 | U.S.S.G. § 2A2.4(b)(1)(A): "the offense involved physical contact"<br><br>Here, when Bru grabbed the metal bike rack barricade and pushed it into the officers, he made physical contact with the officers. |
| Obstruction | +2 | U.S.S.G. § 3C1.1: Obstructing or Impeding the Administration of Justice<br><br>See analysis for Count One. |
| **Total** | **15** |  |

3

**Count Six: 18 U.S.C. § 231(a)(3)—Civil Disorder**

Since there is no applicable Chapter Two Guideline for this offense in the Statutory Appendix, use "the most analogous guideline." *See* U.S.S.G. § 2X5.1. Here, that is U.S.S.G. § 2A2.4, "Obstructing or Impeding Officers."

| Base offense level | 10 | U.S.S.G. §2A2.4(a) |
|---|---|---|
| Specific Offense Characteristic | +3 | U.S.S.G. §2A2.4(a)<br><br>See analysis for Count Two. |
| Obstruction | +2 | U.S.S.G. § 3C1.1: Obstructing or Impeding the Administration of Justice<br><br>See analysis for Count One. |
| Total | 15 | |

**Count Seven: 18 U.S.C. § 1512(c)(2)—Obstruction of an Official Proceeding and Aiding and Abetting**

| Base offense level | 14 | U.S.S.G. §2J1.2(a) |
|---|---|---|
| Special offense characteristic | +8 | U.S.S.G. § 2J1.2(b)(2): The offense involved causing or threatening physical injury to a person, or property damage, in order to obstruct the administration of justice, to wit: Bru threatened to cause injury to multiple police officers engaging with other individuals. |
| Special offense characteristic | +3 | U.S.S.G. §2J1.2(b)(2): "the offense resulted in substantial interference with the administration of justice." The official proceeding of Congress's Joint Session, which was required by the Constitution and federal statute, had to be halted while legislators were physically evacuated for their own safety. Most judges of this Court have applied this enhancement to January 6 defendants convicted of a violation of Section 1512(c)(2). |
| Obstruction | +2 | U.S.S.G. § 3C1.1: Obstructing or Impeding the Administration of Justice<br><br>See analysis for Count One. |
| Total | 27 | |

**Counts Three, Four, and Five: 40 U.S.C. § 5104(e)(2)(B), (D), and (G)—Entering and Remaining in the Gallery of Congress; Disorderly Conduct in a Capitol Building; and Parading, Demonstrating, or Picketing in a Capitol Building**

Counts Three, Four, and Five are Class B misdemeanors to which the Sentencing Guidelines do not apply.