```
 1                   UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2
       UNITED STATES OF AMERICA,
 3                                          Criminal Case
                        Plaintiff(s),       No. 21-00352 JEB
 4            v.
                                            Washington, D.C.
 5     MARC BRU,
                                            January 24, 2024
 6                   Defendant(s).

 7     ---------------------------------------------------------

 8                        SENTENCING HEARING
                   BEFORE THE HONORABLE JAMES E. BOASBERG
 9                   UNITED STATES DISTRICT CHIEF JUDGE

10     APPEARANCES:

11     FOR THE PLAINTIFF(S):   Madison Mumma, Esquire
                               United States Attorney's Office
12                             District of Columbia
                               601 D Street Northwest
13                             Washington, DC 20004

14                             Michael Gordon, Esquire
                               United States Attorney's Office
15                             Middle District of Florida
                               400 North Tampa Street
16                             Suite 3200
                               Tampa, Florida 33602
17

18
       FOR THE DEFENDANT(S):   Benjamin W. Muse, Esquire
19                             Office of the Federal Defender
                               188 West Northern Lights Boulevard
20                             Suite 700
                               Anchorage, Alaska 99503
21

22

23     REPORTED BY:            Tammy Nestor, RMR, CRR
                               Official Court Reporter
24                             333 Constitution Avenue Northwest
                               Washington, D.C. 20001
25                             tammy_nestor@dcd.uscourts.gov
```

1    The following proceedings began at 11:08 a.m.:

2          THE COURT:  Good morning, everyone.

3          THE COURTROOM DEPUTY:  Good morning, Judge.

4          Good morning, everyone.  We are here for sentencing

5    in Criminal Action 21-352, the United States of America

6    versus Marc Bru.

7          Beginning with counsel for the government, please

8    state your name for the record.

9          MR. GORDON:  Good morning, Your Honor.  Mike Gordon

10   for the United States.

11         THE COURT:  Good morning, Mr. Gordon.  Can you see

12   and hear me okay?

13         MR. GORDON:  I can.  Thank you.

14         THE COURT:  Thank you.

15         MS. MUMMA:  Madison Mumma for the United States,

16   Your Honor.

17         THE COURT:  Good morning.

18         And defense?

19         MR. MUSE:  I apologize, Your Honor.  Ben Muse,

20   standby counsel.

21         THE COURT:  Mr. Bru, good morning to you, sir.

22         Okay.  We are here today for sentencing.  I'm

23   sorry.  I have to let probation appear --

24         THE DEFENDANT:  Before this Court can move --

25         THE COURT:  Hold on.

1          THE DEFENDANT:  No.  I'm going to need --

2          THE PROBATION OFFICER:  Good morning, Your Honor.

3     Crystal Lustig from the probation office.

4          THE DEFENDANT:  -- the prosecutor and the judge's

5     financials for the last five years and all the financial

6     records.  I have to be able to determine to my

7     satisfaction that no conflict of interest exists that

8     affects the impartiality of this case by the prosecutor

9     and the judge's consideration of their performance.

10         Now, if you have read the affidavit that I have, I

11    got you dead to nuts that you guys are gaining from the

12    prosecution of J6ers and other people since 1970.

13         THE COURT:  Okay.  That --

14         THE DEFENDANT:  So I would say you should review it

15    very carefully.

16         THE COURT:  Okay.  Are --

17         THE DEFENDANT:  And this Court cannot move forward

18    until I get those five years of financials.  According to

19    the Canon 3(C)(1)(c), a judge who has a financial interest

20    in the victim of a crime is not required by Canon

21    3(C)(1)(c) to disqualify from the criminal proceeding, but

22    the judge must do so if the judge's impartiality might

23    reasonably be questioned under the Canon 3(C)(1) or if the

24    judge has an interest that could be substantially affected

25    by impartiality in the case.

1          We already know the judges have interest in the

2     jails and investing in them, so five years of financials

3     and all your tax documents that you've filed.

4          THE COURT:  Okay.  Thank you very much.

5          All right.  I have reviewed the materials from the

6     government as well as the recommendation and presentence

7     report from probation.  Thank you, Ms. Lustig.

8          Also, Mr. Bru, I have reviewed your notice, which

9     is ECF 94, and also your pro se motion to satisfy

10    impartiality.  I have reviewed that.  That's ECF 95.  And

11    Mr. Gordon's latest notice I have also reviewed.

12         So I will hear from the government.

13         MR. GORDON:  Thank you, Your Honor.

14         So as you know from the sentencing memorandum, we

15    are recommending a sentence at the top of the defendant's

16    guidelines, which is 87 months of incarceration.

17         Mr. Bru earned those guidelines and then some.  His

18    conduct is essentially undisputed, and you have noted at

19    trial, that he traveled to D.C., not for the Stop the

20    Steal Rally or to hear speakers.  He traveled there

21    explicitly to stop the certification.  He didn't even

22    bother going to the rally.

23         He came equipped with goggles.  He marched with the

24    Proud Boys before the rally even started.  He fought with

25    officers at the west plaza.  He was, as you put it, a

1    chief antagonist of the officers, physically blocking them

2    from moving a bike rack barricade to try to repel the

3    crowd.

4         He ducked and avoided their crowd control measures

5    such as pepper spray to the point that one of the officers

6    there felt that the only thing he could do to try to repel

7    Mr. Bru is try to punch him.

8         Now, the officer missed, but that alone signifies

9    what a sort of threat or problem Mr. Bru was.

10        He then entered the Capitol, penetrated all the way

11   to the Senate gallery, and stood in the gallery and took

12   celebratory selfie pictures, a place where just minutes

13   earlier, about 20 minutes earlier, members of Congress and

14   the Senate were literally crouched, hiding, putting on gas

15   masks so they could then be evacuated because of the

16   danger to the Capitol.

17        Certainly the certification couldn't proceed with

18   people like Mr. Bru physically occupying the Senate

19   itself.

20        That got him to offense level 25.  And then he

21   earned an additional two points for obstruction.  Now, the

22   basis for that is twofold.  First, the defendant deleted

23   his Facebook account knowing that law enforcement

24   investigators were seeking information and evidence

25   against him and other people for their conduct on

1    January 6.  So he destroyed evidence, specifically his

2    Facebook posts.

3         That alone would have earned him a two-point

4    enhancement for obstruction.  But in addition to that, he

5    also absconded in this case essentially fleeing from the

6    prosecution of it and saying, if the government really

7    wants me, they will have to come and get me.  And then he

8    did his best to go off the grid, only being found by law

9    enforcement when his car was hit by a drunk driver and the

10   local police who responded to the accident scene

11   discovered the existence of this Court's bench warrant.

12        That also would have been sufficient to earn him a

13   two-point enhancement for obstruction.  But there's no

14   sort of cumulative enhancements there.  The way the

15   guidelines work, once you earn one -- once you satisfy

16   obstruction once, you can continue doing obstructive acts

17   and not get any additional points for your offense level.

18        So if anything, it's not obstruction alone, the

19   defendant's offense level underrepresents his conduct

20   here.  But that also doesn't account or his guidelines

21   don't account for many other aggravating factors Mr. Bru

22   presents.

23        THE DEFENDANT:  Objection.  Where's your tax

24   returns?  This Court cannot move forward until you provide

25   those tax returns.

```
1           THE COURT:  Okay.  Mr. Bru, I have treated you
2      courteously throughout --
3           THE DEFENDANT:  You are running an illegal court.
4           THE COURT:  -- the lengthy time of these
5      proceedings --
6           THE DEFENDANT:  It doesn't matter.  You have to
7      satisfy the law.  It says that if I have reasonable
8      suspicion that you have to gain from the incarceration --
9      from my incarceration, that I have the right to satisfy
10     that there is no impartiality.
11          THE COURT:  As I said, I have treated you
12     courteously throughout, and I will permit you to say
13     whatever you like when it's your turn.  I let you speak --
14          THE DEFENDANT:  You're not courteous.  The last
15     three years have been hell.
16          THE COURT:  I let you speak --
17          THE DEFENDANT:  I'm not -- no.  Listen.  You're not
18     in control of this court because you're a fraud.
19          THE COURT:  So as I said --
20          THE DEFENDANT:  You have no Title III.  You have --
21     I have shown that you have no proper oath.
22          THE COURT:  Okay.
23          THE DEFENDANT:  You are a fraud.
24          THE COURT:  Okay.  I let you speak.
25          THE DEFENDANT:  And you're trying to put -- and
```

1     you're putting people in jail for fighting against a

2     fraud.

3              THE COURT:  Again, I let you speak.  And I'm going

4     to --

5              THE DEFENDANT:  I don't care.  No.  Five years of

6     tax returns.

7              THE COURT:  As I said, I'll give you another chance

8     to speak --

9              THE DEFENDANT:  Five years of tax returns.

10             THE COURT:  Okay.  Mr. Gordon, you may resume.

11             THE DEFENDANT:  Five years of tax returns.

12             MR. GORDON:  Thank you, Your Honor.

13             So in addition, the PSR, Mr. Bru's offense

14     guidelines, do not account for many other aggravating

15     factors in his case.  They don't show up anywhere in the

16     scoring.

17             For example, there's no additional offense levels

18     or points for the fact that while on release in this case,

19     Mr. Bru had two DUIs.  That doesn't show up.  He then

20     absconded in both of those cases.

21             THE DEFENDANT:  Two DUIs from a mental state that

22     the government caused.

23             MR. GORDON:  Those don't show up either.  His

24     recent statements to the Freedom Corner demonstrating his

25     utter contempt for the Court, the law --

1          THE DEFENDANT:  I have contempt for frauds.  You're

2     a fraud.  You are a movant who offered a bid bond to the

3     judge which then accepted it.  And then the court clerk

4     registered it and is collecting interest.

5          And my backup attorney is in charge of the

6     performance.  That's a contract.  That's a financial

7     obligation -- you have turned me into a mortgage-backed

8     security.  That's an obligation.  This is not a court of

9     law.  This is a fucking kangaroo court.

10         THE COURT:  So --

11         THE DEFENDANT:  And you, sir, are despicable and

12    repugnant, same as you, because you know it.

13         THE COURT:  I'm going to tell you that you have a

14    right to be present at your sentencing, but you can also

15    forfeit that if you refuse to cooperate.

16         THE DEFENDANT:  I don't accept any of your terms

17    and conditions.  You did not sign the judicial contracts

18    to define pro se.  You refused them.  In fact, you ignored

19    them on the record stating that you don't even read your

20    documents.

21         THE COURT:  So I tell you what.  I'm going to --

22         THE DEFENDANT:  So I don't see what could be more

23    clear that you're a clown and not a judge than the last

24    three years of proceedings where in the first year, in

25    2021, I asked you if you were a member of the totalitarian

1    party, and you refused to answer.

2         You do not have a Fifth Amendment right as a

3    service to the defendant, which is a judge, which means

4    you are something other than a judge.

5         THE COURT:  Okay.  Mr. --

6         THE DEFENDANT:  By omission, you are a member of

7    totalitarian party, and you probably picked it up at Yale

8    with a skull and bones.

9         THE COURT:  Mr. Muse?

10        MR. MUSE:  Your Honor, would it be possible to take

11   a brief recess so I could have a moment with Mr. Bru?

12        THE COURT:  Sure.  Because what I am also happy to

13   do is I'll let him say whatever he wants to say, and when

14   he's done, then I'll let the government resume its

15   allocution.  And if he interrupts further, then I'll

16   proceed without him.

17        THE DEFENDANT:  If you continue with any of this --

18        THE COURT:  We will take a ten-minute recess.

19        THE DEFENDANT:  -- you are complicit.

20        (A recess was taken at 11:20 a.m.)

21        THE COURT:  Okay.  As I said, Mr. Bru, I'm happy to

22   let you say whatever you wish, but again, I haven't

23   interrupted you.  The government hasn't interrupted you.

24   I have treated you with courtesy in all of these

25   proceedings.  And I would ask -- you may not agree with

```
 1    many of the issues, but still conduct yourself civilly
 2    here.
 3          So do you want the government to continue with
 4    their allocution, or would you like to be able to speak
 5    first?
 6          THE DEFENDANT:  I have stated what I want.
 7          THE COURT:  Okay.  Thank you.
 8          Mr. Gordon -- Ms. Mumma, is Mr. Gordon available?
 9          MS. MUMMA:  I believe he's coming back on, Your
10    Honor.
11          THE COURTROOM DEPUTY:  Mr. Gordon?
12          Let me try to call him, Your Honor.
13          THE COURT:  I'm just going to step off for one
14    minute, I will be right back, while you get Mr. Gordon.
15          All right.  Mr. Gordon is back.  So, Mr. Gordon,
16    Mr. Bru has indicated that he's said what he has to say,
17    so you may resume.
18          MR. GORDON:  Thank you, Your Honor.
19          Just to be clear before I go further, is Your Honor
20    wanting me to address both guidelines issues and the
21    government's allocution at this time, or is Your Honor
22    making a finding that the PSR has accurately calculated
23    the guidelines for all charges?
24          THE COURT:  You don't need to address the
25    guidelines issues.
```

1            MR. GORDON:  Thank you, Your Honor.

2            So where I left off is I was talking about all the

3    things that are aggravating factors for this defendant

4    that are not encompassed by the guidelines, things that in

5    some situations might support actually an upward variance

6    from the guidelines in this case, but here what we are

7    seeking is the top end of the guidelines so these

8    aggravating factors make that the appropriate sentence.

9            So as I mentioned, the defendant picked up two new

10   DUIs while on release in this case and absconded on those

11   cases.  So he not only failed to appear here, but he

12   failed to appear in two different state courts.  He made

13   the statements he's made in the Freedom Corner where he

14   has spoken or discussed his complete contempt for this

15   Court, for the law generally, for the entire justice

16   system as it's currently constituted.

17           One of the Court's principal concerns has to be,

18   not only specific deterrence, but also respect for the

19   law.  The question about whether Mr. Bru will reoffend is

20   to some extent answered by Mr. Bru himself who has

21   declared over and over again that none of these laws apply

22   to him, including today, that this Court does not have

23   legitimacy or the power to sentence him.

24           So if he doesn't believe that any of the laws or

25   the justice system apply to him, why would he follow those

1    rules in the future?

2          Mr. Bru has given no indication whatsoever that he

3    has learned anything from his prosecution in this case

4    that would make him less likely to do the same thing again

5    at the earliest opportunity.

6          And in fact, that leads us to what I believe is the

7    most aggravating factor in Mr. Bru's case, which is that

8    after January 6, in February of 2021, he sought to

9    organize and lead an even more violent insurrection in

10   Portland.  As evidenced by his text messages, he welcomed

11   outright war with local police and the federal government

12   which he viewed as like pulling the teeth from the dog's

13   mouth, better than dying a death of a thousand cuts.

14         And in those same messages, he essentially dared

15   the Court to try to stop him and said that the important

16   step was to disable the coms, in other words, to remove

17   the Court's ability to communicate with the outside so

18   that the Court would be powerless to stop him.

19         That's what Mr. Bru wanted to happen next, but he

20   was arrested and prosecuted in this case.  And while on

21   release, he tried to abscond and escape justice.  And now

22   here he is detained, facing sentencing.

23         And then on top of all of that, Mr. Bru has sought

24   to profit from his crimes at every opportunity, in his

25   calls to the Freedom Corner, in the article, in a letter

1    that he wrote that was published on the Gateway Pundit.

2    Mr. Bru advertises the GiveSendGo online fundraising

3    account that he is receiving donations at and asks people

4    to donate so that people like him who are actually doing

5    things can have the money they need to support their

6    efforts.  And by doing things, what he means is revolting

7    against the government.

8        He claims that donations from those GiveSendGo

9    donators went to his drafting of the affidavit that he

10   filed in this case, but that makes no sense.  Mr. Bru is

11   incarcerated in the D.C. jail.  He doesn't have to pay to

12   use the law library, so it doesn't cost him thousands of

13   dollars to send an affidavit to the Court.

14       What he's telling the people donating to him is

15   false.  And the fundraising pitch that he makes is based

16   on glorifying his conduct in this case and since then.

17       The government is asking Your Honor to impose a top

18   of the guideline sentence because it's what Mr. Bru earned

19   by his conduct during January 6 and afterwards.  The top

20   of the guideline sentence is necessary to deter him from

21   doing anything like this ever again.  But even if he can't

22   be deterred, as he himself declares over and over again

23   that he can't, then it is important for the Court to

24   remove Mr. Bru from society for as long as the Court deems

25   appropriate, which the government believes is the top of

1    the guideline sentence of 87 months.

2         Thank you, Your Honor.

3         THE COURT:  Thank you very much, Mr. Gordon.

4         Mr. Bru, anything else you would like to say

5    regarding sentencing?

6         THE DEFENDANT:  Yeah.  You can give me a hundred

7    years, and I would do it all over again.  You guys are

8    fraud, and you need to be called out on it.  You have been

9    usurping the power of states, of sovereign states, for

10   decades, and you have been doing it by death of a thousand

11   cuts.

12        Chip Roy of Texas was absolutely correct in saying

13   to hell with the feds.

14        THE COURT:  Okay.  Thank you very much.

15        In terms of guidelines, the guidelines are largely

16   driven by the 1512 conviction, so I want to make clear

17   that the sentence that I would impose would be the same

18   even if Section 1512 was ultimately vacated by the Supreme

19   Court in its review.

20        In addition, I don't give credit for reduction

21   under 4C1.1, but even if I did give such credit, the

22   sentence would be the same.  So again, I have reviewed the

23   guidelines.  I am well acquainted with the 3553(a)

24   factors.

25        So, Mr. Bru, everything the government said is true

```
1    here, that --

2              THE DEFENDANT:  It is not.  It's false.

3              THE COURT:  -- if we look at your conduct both

4    before January 6, during January 6, and after January 6,

5    including up to today, which gives me little confidence

6    that you will obey the laws upon any kind of release, that

7    as the government points out, you didn't go to the rally.

8    You came to participate in the insurrection that occurred

9    on January 6.  You came --

10             THE DEFENDANT:  Objection.  That's a lie.

11             THE COURT:  You came dressed for it in goggles.

12   You came, you marched to the Capitol.  And when you got

13   there, you were in the front lines pushing bike racks into

14   officers, fighting against officers, not dissuaded by

15   police presence or injuries to police, tear gas, alarms,

16   anything.  You continued to act aggressively toward

17   officers and were one of those in the front line of this

18   insurrection.

19             Now, your acts weren't so bad that you were held.

20   In fact, you were granted release in this case.  And yet,

21   as the government points out, not only did you pick up two

22   DUIs, but you absconded from those jurisdictions, you

23   didn't appear at our hearing as required, and as the

24   government said, you also continued to seek to radicalize

25   others and plan to foment an attack in Portland, Oregon.
```

1          Now, once you were arrested here, you went to

2    trial, you resisted participation in that claiming it was

3    not a proper court, and since that time, you have had no

4    remorse.  I mean, as you sit here today and you say you

5    would do it all over again even if you got a hundred

6    years, I think that's --

7          THE DEFENDANT:  That's correct.

8          THE COURT:  -- that's the definition of no remorse

9    in my book.

10          So the appropriate sentence then, what I am going

11   to give you is six years, which is 72 months.  And the way

12   that is calculated is five years on Count 6, which is the

13   civil disorder.  That's the statutory maximum.  And I

14   would vary up, if the Section 1512 is vacated and the

15   guideline was then considerably lower, I would vary

16   upwards to five years for the reasons that I have stated

17   and that the government states.

18          That will be followed by a consecutive 12-month

19   sentence on Counts 1 and 2 and a concurrent 6-month

20   sentence on Counts 3 through 5.  I will also give a

21   concurrent 5-year sentence on Count 7, which is the

22   obstruction.

23          So even if obstruction is vacated, this sentence

24   would be the same, which would be 60 months, as I said.

25          I will also have three years supervised release on

```
 1    Counts 6 and 7, one year on Counts 1 and 2, all to run
 2    concurrently.
 3          And then I think the government makes a good point,
 4    which is that you have been -- you have been seeking to
 5    profit off your behavior.  And when you seek --
 6          THE DEFENDANT:  I have profited nothing.  I object
 7    to that.
 8          THE COURT:  When you seek to raise money --
 9          THE DEFENDANT:  I will provide financials.
10          THE COURT:  -- for attorneys --
11          THE DEFENDANT:  How about you?
12          THE COURT:  -- which you don't have, then you are
13    either misleading the public because there is no money for
14    attorney fees because you don't have an attorney, or you
15    are seeking to profit individually.  Either are true,
16    probably both, so I will impose a fine of $7,946, which is
17    the amount that the defendant has raised through
18    misleading and improper statements regarding his
19    participation.
20          So, Mr. Gordon, special assessment of $280.  And on
21    restitution, are you seeking a $2,000 restitution, or are
22    you seeking an amount to be determined based on injuries?
23          MR. GORDON:  We are unaware of any injuries related
24    to Mr. Bru, Your Honor, so just the $2,000 standard
25    amount.
```

1          THE COURT:  All right.  $2,000 restitution will

2     also be ordered.

3          While on supervision, you shall abide by the

4     following mandatory conditions as well as all

5     discretionary conditions recommended by the probation

6     office in part D of the presentence report.

7          Mandatory conditions include not committing other

8     federal, state, or local crimes; not possessing a

9     controlled substance unlawfully; cooperating in the

10    collection of DNA; and making restitution.

11         I will order substance abuse testing, mental health

12    assessment and treatment, financial disclosure

13    information, and a reentry progress hearing within 60

14    days.

15         You do have the right to appeal this conviction,

16    Mr. Bru.  You must do so within 14 days after the entry of

17    judgment or within 14 days of the filing of a notice of

18    appeal by the government.  If you are unable to afford the

19    cost of an appeal, you may request permission from the

20    Court to file without cost.  You may also apply for

21    court-appointed counsel.  Do you understand all that?

22         THE DEFENDANT:  I comprehend it.  I do not

23    understand it.

24         THE COURT:  Okay.  Very well.

25         Any objections to the sentence imposed not already

1    on the record, Mr. Gordon?

2         MR. GORDON:  No, Your Honor.  Thank you.

3         THE COURT:  Mr. Bru, anything you haven't already

4    stated?

5         THE DEFENDANT:  Well, you've sealed your intent in

6    committing a financial crime, so good on ya.

7         THE COURT:  Mr. Muse, anything else that you wish

8    to add?

9         MR. MUSE:  Your Honor, just the logistics.

10        THE COURT:  I'm sorry.  I should have inquired

11   this.  Mr. Bru, is there a facility you wish me to

12   recommend for the Bureau of Prisons to place you in?

13        THE DEFENDANT:  Well, if you are going to continue

14   to keep me as a hostage, I would rather go back to the

15   area where I'm from.  And the closest one would be

16   Sheridan.

17        THE COURT:  Okay.  And that's in which state?

18        THE DEFENDANT:  Oregon.

19        THE COURT:  I'm happy to do that.

20        Anything else, Mr. Muse?

21        MR. MUSE:  Your Honor, for purposes of appeal,

22   should my office remain as standby counsel?

23        THE COURT:  Yes, I would ask you to remain as

24   standby counsel through the notice of appeal.  And then I

25   think if it occurs, then the court of appeals can, if it

1    wishes to appoint someone, it can.  And thank you for your

2    assistance, Mr. Muse.

3          Mr. Gordon, Ms. Mumma, thank you very much.

4          So, Mr. Bru, again, you are now going to be in jail

5    for a while.  And at some point, I urge you to think hard

6    about whether you want to continue in this defiant stance.

7    Again, I can tell you, I haven't held you in contempt.  I

8    haven't yelled at you.  All I have done is treat you in

9    accordance --

10         THE DEFENDANT:  I'll be looking forward to your

11   five years of financials.

12         THE COURT:  All right.  Thank you.  Good luck.

13   Thanks, all.

14         (The hearing concluded at 11:49 a.m.)

15                         - - -

16               C E R T I F I C A T E

17         I hereby certify that the foregoing is an accurate

18   transcription of the proceedings in the above-entitled

19   matter.

20

21

22   1/25/24              s/ Tammy Nestor
                          Tammy Nestor, RMR, CRR
23                        Official Court Reporter
                          333 Constitution Avenue NW
24                        Washington, D.C. 20001
                          tammy_nestor@dcd.uscourts.gov
25