UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-CR-352 (JEB) |
| | : | |
| **MARC BRU,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S STATUS REPORT**

On September 9, 2024, the United States Court of Appeals for the D.C. Circuit ordered that defendant Marc Bru's "conviction under 18 U.S.C. § 1512(c)(2) be vacated and the case remanded for further proceedings." ECF No. 103; *United States v. Bru*, 24-3015 (D.C. Cir. 2024). The next day, this Court ordered the government to file a status report. *See* Minute Order 9/10/2024.

Bru's Section 1512(c)(2) conviction drove his original Sentencing Guidelines calculation. *See* Presentence Investigation Report ("PSR") ¶¶ 59-68. Without it, Bru's adjusted Sentencing Guidelines will be lower. Nevertheless, at Bru's sentencing, the Court explicitly stated:

> In terms of guidelines, the guidelines are largely driven by the 1512 conviction, so I want to make clear that the sentence that I would impose would be the same even if Section 1512 was ultimately vacated by the Supreme Court in its review.

Sen. Tr. at 15:15-19. The Court also explained the process by which it would arrive at the same sentence, even if Bru's Section 1512(c)(2) conviction was vacated:

> So the appropriate sentence then, what I am going to give you is six years, which is 72 months. And the way that is calculated is five years on Count 6, which is the civil disorder [the violation of 18 U.S.C. § 231(a)(3)]. That's the statutory maximum. And I would vary up, if the Section 1512 is vacated and the guideline was then considerably lower, I vary upwards to five years for the reasons that I have stated and that the government states. That will be followed by a consecutive 12-month sentence on Counts 1 and 2. . . . I will also give a concurrent 5-year sentence on Count 7, which is the obstruction [the violation of 18 U.S.C. § 1512(c)(2)]. So even if obstruction is vacated, this sentence would be the same . . . .

1

*Id.* at 17:10-24. Given this finding, a *de novo* resentencing proceeding is unnecessary. *See United States v. Blackson,* 709 F.3d 36 (D.C. Cir. 2013).

Accordingly, the government respectfully requests that this Court schedule the defendant to be resentenced. If the Court wishes for the defendant to be present at the resentencing proceeding, the government asks for at least 45 days' notice before the resentencing hearing occurs, so that the government can facilitate the defendant's transport to Washington, D.C. and presence in Court.

If the Court desires additional briefing—in conjunction with or in light of the Court's prior comments at sentencing—the government can submit a supplemental sentencing memorandum on the Court's preferred schedule.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Michael M. Gordon*
MICHAEL M. GORDON
Senior Trial Counsel, Capitol Siege Section
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33606
michael.gordon3@usdoj.gov
(813) 274-6370

*/s/ Madison H. Mumma*
MADISON H. MUMMA
Trial Attorney
N.C. Bar No. 56546
1301 New York Ave. NW
Washington, D.C. 20530
madison.mumma@usdoj.gov
(202) 913-4794