Ben W. Muse
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: ben_muse@fd.org

*Standby Counsel for Defendant Marc Bru*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>MARC BRU,<br><br>            Defendant. | Case No. 21-cr-00352-JEB<br><br>**MOTION FOR LEAVE TO LATE FILE NOTICE OF APPEAL** |

COMES NOW, Defendant Marc Bru, through standby counsel, Ben W. Muse, Assistant Federal Defender, and hereby moves this Court for leave to late-file the attached notice of appeal. Mr. Bru's judgement was entered by this Court on November 25, 2024. A notice of appeal was due within 14 days from the judgment. See Fed. R. App. P. 4(b)(1)(A), 4(b)(4). The notice of appeal was therefore due on December 9, 2024, making the attached notice of appeal nine days late.

The delay in this instance is completely attributable to counsel. Following his sentencing, Mr. Bru unequivocally stated to counsel that he wanted to pursue an appeal of his sentence. Unfortunately, counsel overlooked the Court's entry of judgment in this case,

did not mark the due date for appellate notice on his calendar, and was then preoccupied by trial in early December 2024 in *U.S. v. William Marsan*.

Federal Rule of Appellate Procedure 4(a)(5) provides that "the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by [Rule 4(a)] expires; and (ii) ... that party shows excusable neglect or good cause." Fed. R. App. P. (4)(a)(5)(A).

In evaluating whether neglect is excusable, a court must consider the four factors established by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir.2004) (*en banc*) (citing Pioneer, 507 U.S. at 395). No single factor is given primary weight. Rather, whether to grant an extension is left to the discretion of the court. Pincay, 389 F.3d at 860.

Here, application of the Pioneer factors supports granting leave to late file. Most importantly, the notice of appeal is merely nine days late, and the Government is unlikely to be prejudiced by an extension of the deadline. The failure to file timely notice was a regrettable oversight by counsel. Mr. Bru should not be punished for this lapse. Under the circumstances, permitting leave to late file is reasonable and proper.

DATED at Anchorage, Alaska this 18th day of December, 2024.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Ben W. Muse*
Ben W. Muse
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on December 18, 2024. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Ben W. Muse*